1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MIGUEL SOTO, | ) | No. C 12-4194 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER RE-OPENING CASE; |
| | ) | GRANTING APPLICATION TO |
| vs. | ) | PROCEED IN FORMA |
| | ) | PAUPERIS; ORDER OF |
| PEOPLE OF THE STATE OF | ) | DISMISSAL |
| CALIFORNIA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On August 9, 2012, Petitioner, a California state prisoner, filed this *pro se* petition, pursuant to 28 U.S.C. § 2254.  That same day, the Clerk notified Petitioner that, within thirty days, he was required to either pay the filing fee or a completed application to proceed in forma pauperis.  On September 20, 2012, after receiving no response from Petitioner, the Court dismissed this action.  On October, 3, 2012, Petitioner filed an application to proceed in forma pauperis.  The Court construes this application as a motion to re-open, as well as an application to proceed in forma pauperis.  So construed, the motion to re-open is GRANTED.  The Clerk shall vacate the judgment, and RE-OPEN this case.  Plaintiff's application to proceed in forma pauperis is GRANTED.

For the reasons that follow, however, the Court DISMISSES this case.

**DISCUSSION**

I.      Standard of Review

        This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

        A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

II.     Analysis

        Petitioner argues that the trial court violated his rights by imposing restitution before considering whether Petitioner had any ability to pay it.  However, because this claim does not go to the fact or length of Petitioner's incarceration, it is not a proper ground for federal habeas relief.

        The federal habeas statute does not provide jurisdiction over a claim challenging a restitution order, even when the petitioner is incarcerated.  *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010).  In *Bailey*, the petitioner pleaded guilty and was ordered to pay restitution.  He filed a section 2254 petition alleging that his counsel provided ineffective assistance by not objecting to the restitution order.  The Ninth Circuit affirmed the dismissal of the petition on the ground that the petitioner did not meet section 2254's "in custody" requirement for jurisdiction.  *Id.*  The Ninth Circuit concluded that section 2254 does not confer jurisdiction over a state prisoner's in-custody challenge to the non-custodial portion of his criminal sentence, such as a restitution order.  *Id.* at 981.

        Here, Petitioner challenges only the restitution fine imposed.  Petitioner does not allege that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  Petitioner does not claim that his custody or conviction is unlawful.  Thus, this Court lacks jurisdiction to consider Petitioner's challenge to the restitution order imposed by the trial court.

1

**CONCLUSION**

2      The instant habeas petition is DISMISSED.  The federal rules governing habeas cases

3  brought by state prisoners require a district court that denies a habeas petition to grant or deny a

4  certificate of appealability ("COA") in its ruling.  *See* Rule 11(a), Rules Governing § 2254

5  Cases, 28 U.S.C. foll. § 2254.  Petitioner has not shown "that jurists of reason would find it

6  debatable whether the petition states a valid claim of the denial of a constitutional right."  *Slack*

7  *v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

8      The clerk shall terminate any pending motions and close the file.

9      IT IS SO ORDERED.

10 DATED:  __11/6/12__

11                          LUCY H. KOH
                           United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28